NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 11 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| QIANWU LI, Petitioner, v. TODD BLANCHE, Attorney General, Respondent. | No. 20-71424 Agency Nos. A213-134-881 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 24, 2026
Honolulu, Hawaii

Before: N.R. SMITH, MILLER, and JOHNSTONE, Circuit Judges.
Partial Dissent by Judge N.R. SMITH.

Petitioner Qianwu Li, a native and citizen of China, petitions for review of

an order of the Board of Immigration Appeals affirming an immigration judge's

decision denying his application for asylum, withholding of removal, and

protection under the Convention Against Torture (CAT). We have jurisdiction

under 8 U.S.C. § 1252. We grant the petition and remand for further proceedings.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

We review the agency's factual findings, including its credibility determinations, for substantial evidence. *Kumar v. Garland*, 18 F.4th 1148, 1153 (9th Cir. 2021); *Hussain v. Rosen*, 985 F.3d 634, 641–42 (9th Cir. 2021). Under that standard, factual findings are "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). "[W]e examine 'the reasons explicitly identified by the BIA' and 'the reasoning articulated in the IJ's oral decision in support of those reasons.'" *Iman v. Barr*, 972 F.3d 1058, 1064 (9th Cir. 2020) (quoting *Lai v. Holder*, 773 F.3d 966, 970 (9th Cir. 2014)).

1. Substantial evidence supports the agency's adverse-credibility determination. First, substantial evidence supports the agency's conclusion that Li's prior falsehoods to U.S. immigration authorities undermined his credibility. *See Ani v. Bondi*, 155 F.4th 1118, 1129 (9th Cir. 2025); *Li v. Garland*, 13 F.4th 954, 961 (9th Cir. 2021). Li conceded that he misrepresented his income and assets, and that he omitted material health information in his 2015 visa application and subsequent interview at the U.S. consulate in Guangzhou. Li contends that these falsehoods should not count against him because he lied to flee feared persecution in China. *See Akinmade v. INS*, 196 F.3d 951, 955–56 (9th Cir. 1999). But substantial evidence supports the agency's determination that Li did not adequately substantiate his claims that he and his wife had violated China's family-

planning laws or that they faced any risk of persecution when Li applied for the visa in October 2015.

Second, substantial evidence supports the agency's determination that part of Li's testimony was implausible. *See Lalayan v. Garland*, 4 F.4th 822, 836 (9th Cir. 2021) ("[A]n IJ may consider, among other factors, the inherent plausibility of a witness's account."). Li testified that he was "punch[ed] . . . and . . . kick[ed] in the belly, back, and . . . head" by police officers, "causing injuries in several places," and then detained for a week, during which he received only bread and water. When asked if he sought medical treatment after being released, Li answered that "[m]y family did not have money, so I did not go to see the doctor." But as the agency found, Li purchased a plane ticket to Peru less than a month after he was released from police custody, and his family later paid roughly $50,000 to a smuggling agency. Li's testimony about the severity of his mistreatment, coupled with the record evidence that he and his family had access to financial resources, support the agency's conclusion that Li's explanation for not seeking medical treatment was implausible.

Under the totality of the circumstances, Li's prior falsehoods to U.S. immigration authorities and his implausible testimony about why he did not seek medical treatment amount to substantial evidence supporting the agency's adverse-credibility finding. *See Alam v. Garland*, 11 F.4th 1133, 1137 (9th Cir. 2021) (en

banc) ("There is no bright-line rule under which some number of inconsistencies requires sustaining or rejecting an adverse credibility determination.").

2. The agency erred, however, by failing to consider whether Li's documentary evidence independently established past persecution. Nothing in the asylum or withholding statutes requires that a claimant testify at all, let alone credibly, if he or she can establish a claim through other evidence. Thus, as we explained in *Kalulu v. Bondi*, "[i]f a petitioner who has been found noncredible provides independent evidence to support her claims, the agency must evaluate whether that evidence independently proves her claims." 128 F.4th 1009, 1023 (9th Cir. 2024).

Li provided statements from two fellow churchgoers and his father that, taken together, assert that Li was subjected to a religiously motivated arrest and week-long detention, which ended only after Li's father paid the police. The letters may also support the inference that Li was beaten by the police and forced to sign a "guarantee statement." Our case law recognizes that mistreatment of this type can amount to past persecution. *See, e.g.*, *Guo v. Sessions*, 897 F.3d 1208, 1213–17 (9th Cir. 2018); *Guo v. Ashcroft*, 361 F.3d 1194, 1197–98, 1203 (9th Cir. 2004) (applicant suffered persecution when he was arrested at church, detained, physically harmed, and forced to sign an anti-Christian "affidavit").

No matter how generously we construe the Board's decision, however, it contains no adequate independent evaluation of the letters. We recognize that "[t]he agency need not engage in a lengthy discussion of every contention raised by a petitioner." *Hernandez v. Garland*, 52 F.4th 757, 768 (9th Cir. 2022). But the Board "must provide 'a statement of its reasons for denying the petitioner relief adequate for us to conduct our review, and we must remand for clarification if the Board fails to provide an adequate statement of the reasons for its decision.'" *Antonyan v. Holder*, 642 F.3d 1250, 1256 (9th Cir. 2011) (quoting *Ghaly v. INS*, 58 F.3d 1425, 1430 (9th Cir. 1995)).

We cannot discern from the Board's decision whether the agency tried to satisfy its obligation under *Kalulu*, and if it did, what it decided. We cannot tell, for example, whether the agency determined that the letters were entitled to limited weight, or if the agency credited them but found them insufficient to establish past persecution, or if the agency did not consider them for their independent value at all. As best we can tell, the agency considered these documents only in the context of determining whether they corroborated Li's testimony, and even then, only with respect to a single aspect of Li's claim: that he was extorted after being released. If the agency concluded that Li could establish past persecution only if he was also extorted, it did not say so.

The government correctly notes that Li's brief to the Board did not challenge the immigration judge's determination that "notwithstanding the adverse credibility determination and considering [the] credible evidence that [Li] is a practicing Lutheran, he did not prove that he has a well-founded fear of future persecution in China on this basis." But the agency's determination that Li does not have a well-founded fear of persecution "on [the] basis" of his currently attending a Lutheran church in the United States is unrelated to whether Li's documentary evidence established that he suffered past persecution in China.

Li has consistently argued that he was subject to religious persecution in China. He submitted letters that may establish that persecution and has consistently emphasized the importance of those documents. Like his brief in this court, his brief to the Board referred to these letters and cited *Guo v. Ashcroft*, which, as noted, held that mistreatment similar to that described in the letters constituted past persecution. Although Li's briefing focused on his belief that the letters corroborated his testimony, he also argued that the letters "support[ed] his claim," not merely his testimony, and he objected that the immigration judge had "refused to recognize . . . most of the evidence." For its part, the government appeared to understand that the evidence might be taken as independent support for Li's claim, arguing in its brief to the Board that the evidence was "insufficient to support the

more critical aspects [of Li's] claim." We therefore conclude that Li sufficiently raised the issue before the Board and this court.

We remand for the Board to determine whether Li's documentary evidence "independently proves [his] claim." *Kalulu*, 128 F.4th at 1023. We take no position as to the weight the agency should give this evidence or whether it is sufficient to meet Li's burden.

3. On remand, the Board must consider Li's eligibility for both asylum and withholding of removal. Although the immigration judge determined, in a terse footnote, that Li would not merit a favorable exercise of discretion for asylum even if he were eligible, that decision was both unexplained and appears to have been derivative of the immigration judge's faulty analysis of Li's eligibility for asylum. We thus vacate that determination as an abuse of discretion. *See Kalubi v. Ashcroft,* 364 F.3d 1134, 1137 (9th Cir. 2004). Although Li did not expressly challenge the discretionary denial of asylum before the Board, the government does not raise an exhaustion argument. *See Suate-Orellana v. Garland*, 101 F.4th 624, 629 (9th Cir. 2024) (exhaustion requirement of section 1252(d)(1) is "mandatory" only if a party "properly raises it" (citations omitted)). Particularly here, where there was no independent reasoning to challenge, we think Li's argument that the agency "erred in not granting asylum" and his request that we remand the case "for the purpose[] of a grant of [a]sylum"—which necessarily

would require us to reach, and reverse, that determination—sufficed to put the issue before us.

By contrast, although the immigration judge found Li ineligible for CAT relief "even if credible," Li did not contest that determination before the Board or this court. Li's CAT claim is forfeited, and the agency need not reconsider its denial of CAT relief.

The parties shall bear their own costs. Petitioner's motion to stay removal (Dkt. No. 1) is granted.

**PETITION GRANTED; REMANDED.**

*Qianwu Li v. Blanche*, No. 20-71424

N.R. Smith, Senior Circuit Judge, dissenting in part:

Courts "do not, or should not, sally forth each day looking for wrongs to right. [They] wait for cases to come to [them], and when [cases arise, courts] normally decide only questions presented by the parties." *United States v. Sineneng-Smith*, 590 U.S. 371, 376 (2020) (alterations in original) (citation omitted). Petitioner Qianwu Li presented one question: does substantial evidence support the agency's adverse credibility finding? My colleagues correctly determine that it does. That determination should have ended this case.

Instead, my colleagues invent two arguments for Li. First, the agency failed to consider whether his documentary evidence independently established past persecution. Second, the agency abused its discretion by finding that Li would not merit a favorable exercise of discretion for asylum. Because we may not invent arguments for a party, I respectfully dissent.

(1) Li never argued that the agency failed to consider whether his documentary evidence independently established past persecution. To the contrary, Li argued that his corroborating evidence was "ruled insufficient." The only argument Li made about the corroborating evidence was that the agency "erred in concluding that [he] was not credible based on a determination that the corroborating evidence was insufficient to support the critical aspects of his claim."

1

In support of that argument, Li downplayed the significance of his corroborating evidence. Li argued that his family's testimony "would be given little 'weight' because they are obviously biased" so he should not be faulted for failing "to call a person as a witness who has knowledge about the facts in issue." The disposition thus "goes one step beyond invoking an argument that [Li] did not present; it contradicts the argument [Li] *did* present." *Shen v. Garland*, 109 F.4th 1144, 1163 (9th Cir. 2024) (Miller, J., dissenting) (emphasis in original). [1]

---

[1] My colleagues misread *Kalulu* to allow a petitioner to obtain asylum or withholding of removal despite an adverse credibility finding. *Kalulu* remanded a petition to the agency because it misread documents. *Kalulu v. Bondi*, 128 F.4th 1009, 1023 (9th Cir. 2024). *Kalulu* never held that a petitioner can establish eligibility for asylum or withholding of removal without credible testimony. *See id*. at 1024 ("This court takes no position on . . . whether Kalulu merits any of the relief for which she applied."). Here, there is no allegation that the agency misread documents, so *Kalulu* is inapplicable. *See Rinnai Am. Corp. v. S. Coast Air Quality Mgmt. Dist*., No. 25-5129, 2026 WL 1912093, at *10 (9th Cir. July 2, 2026) ("Cases are not precedential for propositions not considered, or for matters that are simply assumed." (citation omitted)).

Precedent and relevant statutes demonstrate that an adverse credibility finding is fatal to asylum and withholding claims. First, we have held that when an "adverse credibility determination is supported by substantial evidence, [a petitioner] cannot satisfy his burden of proving he is eligible for asylum and withholding of removal." *Manes v. Sessions*, 875 F.3d 1261, 1265 (9th Cir. 2017) (per curiam); *see also Bingxu Jin v. Holder*, 748 F.3d 959, 966–67 (9th Cir. 2014) (same); *Kalilu v. Mukasey*, 548 F.3d 1215, 1217 n.1 (9th Cir. 2008) (per curiam) (same). Only CAT claims may survive an adverse credibility finding. *See, e.g., Farah v. Ashcroft*, 348 F.3d 1153, 1156–57 (9th Cir. 2003) (considering whether independent evidence establishes a CAT claim, but not whether it establishes asylum or withholding claims); *accord Jie Cui v. Holder*, 712 F.3d 1332, 1338 n.3 (9th Cir. 2013); *Lalayan v. Garland*, 4 F.4th 822, 840 (9th Cir. 2021). Second, the requirement that a petitioner give credible testimony for an asylum or withholding

My colleagues cannot and therefore do not cite where Li argued on appeal that the agency failed to consider whether his documentary evidence independently established past persecution. Instead, my colleagues quote portions of Li's brief before the agency, which they describe opaquely as "Li's briefing." These quotes are irrelevant because arguments made exclusively before another tribunal are not properly before us. *See Stevens v. Davis*, 25 F.4th 1141, 1161 n.16 (9th Cir. 2022) (holding that arguments made below are not "incorporate[d] . . . for our review").

(2) Li never argued that the agency abused its discretion by finding that he would not merit a favorable exercise of discretion for asylum. Li's briefs did not even mention that the Immigration Judge made this finding or that the Board of Immigration Appeals found that Li waived the issue by "not contest[ing] the Immigration Judge's determination that he is not deserving of discretionary relief." Li did not raise the issue at oral argument either. Nevertheless, my colleagues reach the issue and fault the government for failing to argue that Li did not exhaust the issue. That is an error. The government was entitled to expect us to decide the

---

claim is rooted in the relevant statutes. Credible testimony alone can establish eligibility for asylum and withholding of removal, 8 U.S.C. §§ 1158(b)(1)(B)(ii), 1231(b)(3)(C). The agency may require corroborating evidence for "otherwise credible testimony." *See id*. But the bottom line is that credible testimony is required. It is simply not true that nothing "requires that a claimant testify at all." By regulation, "the applicant *shall* be examined under oath on his or her application and *may* present evidence and witnesses on his or her own behalf." 8 C.F.R. § 1240.33(c)(3) (emphasis added).

3

"case shaped by the parties rather than the case designed by the appeals panel." *Sineneng-Smith*, 590 U.S. at 375.

My colleagues' argument that Li raised the issue of the agency's discretionary denial of asylum by stating that the agency "erred in not granting asylum" and requesting a remand is wrong. If all a petitioner had to do to preserve an issue is state the agency erred and ask for a remand, all issues would always be on the table. That is not the law. We have held that a petitioner "has waived review of the [agency's] discretionary denial of asylum because he did not contest this aspect of the [agency's] decision in his opening brief" even though the petitioner raised the issue of the rejection of his well-founded fear of persecution and proposed particular social group. *Nguyen v. Barr*, 983 F.3d 1099, 1102-04 (9th Cir. 2020). Simply put, courts are not Hungry Hungry Hippos gobbling up every potential legal issue. *See Sineneng-Smith*, 590 U.S. at 375.

For those two reasons, the disposition violates the party presentation principle. *See id.* at 379, 375. We may not decide "a case different from the one [Li] advanced." *Margolin v. Nat'l Ass'n of Immigr. Judges*, 146 S. Ct. 1285, 1288 (2026) (per curiam) (citation omitted). As a member of our court once persuasively explained, "[w]e are not an ombudsman for the Department of Homeland Security, nor are we charged with a general superintendence of the Attorney General's removal decisions. Rather, our role is limited to performing the

4

traditional functions of a reviewing court: We consider the contentions properly presented to us by a petitioner . . . ." *Shen*, 109 F.4th at 1166 (Miller, J., dissenting).